528

McALLISTER *v.* MOORE, ет ux.

[No. 203, September Term, 1966.]

*Decided October 10, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, OPPENHEIMER, McWILLIAMS, FINAN, JJ., and
RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit,
specially assigned.

*William D. Gould* for appellant.

No brief and no appearance for appellees.

PER CURIAM.

On the first appeal in this case, *Moore v. McAllister,* 216
Md. 497, 141 A. 2d 176, we reversed Judge Henry who had
dismissed the bill of complaint on the ground that he was with-
out jurisdiction to determine the issues raised by the pleadings.

We remanded the case with instructions to grant temporary injunctive relief and to proceed to hear and determine on the merits the issue posed by the pleadings. Judge Henry, on June 12, 1958, issued an order enjoining John J. McAllister, appellant, his agents, etc. from trespassing, encroaching, damaging or obstructing a tract of land fifty feet in width mentioned in the pleadings, pending a final determination of the case. On January 4, 1960, Stillson A. Moore and Grace L. Moore, appellees, filed a supplementary bill of complaint in which they sought damages for timber cut and standing which was destroyed by the acts of the appellant in interfering with the use of the road alleged to be within the fifty foot strip in question. This claim for damages was denied by the appellant's answer, duly filed. On May 29, 1961, a warrant of resurvey was ordered, and returned on July 6, 1961, by the surveyor, Fayette M. Latham, Jr., accompanied by a survey and plat in which he set forth the pretentions of the respective parties, the line C-D representing the pretention of the appellees and the line A-B that of the appellant.

The case was heard by Judge Henry without a jury on February 26, 1964, but he retired in March before rendering a decision. Counsel for the respective parties filed trial briefs and, after argument, submitted the case to Judge Mace for decision. On February 18, 1966, Judge Mace filed a memorandum opinion followed by an order pursuant thereto on February 25, 1966, fixing the boundary between the parties on the line marked C-D on the plat filed with the warrant of resurvey, perpetually enjoining the appellant "from trespassing upon, encroaching upon, damaging or in any way obstructing or tampering with any land, property or road or right of way or waters on the land of the Complainants [appellees] as determined in paragraph 1 of this Order," and awarding the appellees nominal damages in the amount of one cent and costs.

On this second appeal the appellant contends that the judge of the lower court committed reversible error when he found that the southeast side of the fifty foot roadway bounded the C-D line on the plat accompanying the returned warrant of resurvey, as contended by the appellees, and not the A-B line on that plat, as contended by the appellant; that fee simple title to

530

the bed of the fifty foot roadway was in the appellees and that as the result of those findings there was a technical injury to the appellees which was a basis for the award of nominal damages and costs.

Judge Mace in his memorandum opinion discussed in detail his findings of fact supporting his rulings in this case. It would serve no useful purpose to set forth the facts herein and his application of the legal principles involved. It is sufficient to say that we have carefully examined the record before us and are unable to conclude that he was clearly erroneous in his findings of fact or that he erred in applying the principles of law applicable to the case.

*Order affirmed, appellant to pay the costs.*